UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESTON THOMAS,

                Plaintiff,

         -against-

BRONX 47TH POLICE OFFICER
MCLAUGHLIN; BRONX 47TH POLICE
OFFICER GOVE; BRONX TOW POUND
SUPERVISOR JANE DOE,

               Defendants.

26-CV-1554 (LTS)

ORDER DIRECTING
SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. The complaint that Plaintiff submitted is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

      Plaintiff is directed to sign and submit the attached signed signature page within 30 days of the date of this order. The signed document must be labeled with docket number 26-CV-1554 (LTS).

      If Plaintiff mails the signature page to the court, or files it in person, Plaintiff must comply with Rule 11(a) by signing the document.

      If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use a digital signature or a typed name with /s/ ("/s/ Preston Thomas") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: "/s/ [Party's Name].").

**CONCLUSION**

Plaintiff is directed to sign and submit the attached signature page within 30 days of the date of this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 26, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2