UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PRESTON THOMAS,<br><br>      Plaintiff,<br><br>    -against-<br><br>BRONX 47TH POLICE OFFICER MCLAUGHLIN; BRONX 47TH POLICE OFFICER GOVE; BRONX TOW POUND SUPERVISOR JANE DOE,<br><br>      Defendants. | 26-CV-1554 (JPO)<br><br>ORDER OF SERVICE |

J. PAUL OETKEN, District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated April 8, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A.  Waiver of service

The Clerk of Court is directed to electronically notify the New York City Police Department ("NYPD") and the New York City Law Department of this order. The Court requests that NYPD Officers McLaughlin and Gove waive service of summons.[2]

---

[1] Plaintiff did not sign the complaint commencing this action. By order dated February 26, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to file a signed copy of the complaint. (ECF 5.) On March 25, 2026, Plaintiff filed an amended complaint, which was also unsigned. (ECF 6.) On March 29, 2026, he filed a signed amended complaint. (ECF 7.) The second amended complaint (ECF 7) is the operative pleading.

[2] Plaintiff states that both officers were stationed at the NYPD's 47th Precinct in the Bronx.

**B.**     *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the Jane Doe Supervisor working at the Bronx Tow Pound on the evening of January 22, 2025, or the early morning hours of January 23, 2025. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity of the Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint naming the Jane Doe defendant. The third amended complaint will replace, not supplement, the previous complaints. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a third amended complaint, the Court will screen it and, if necessary, issue an order asking the newly identified defendant to waive service.

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Officers McLaughlin and Gove waive service of summons and that the New York City Law

---

[3] If the Doe defendant is a current or former NYPD employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service. If the Doe defendant is not a current or former NYPD employee or official, but otherwise works or worked for the NYPD, the Law Department must provide a residential address where the individual may be served.

Department respond as directed in the *Valentin* order. An amended complaint form is attached to this order.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   April 15, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge